UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ISABEL DURAN KAUFMAN,

        Plaintiff,

        vs.                              No. CIV 96-0936 JC/LCS

BDM TECHNOLOGIES, INC. and
BDM INTERNATIONAL, INC.,

        Defendants.

## MEMORANDUM OPINION

THIS MATTER came on for consideration of Defendant's Motion for Summary Judgment *(Doc. 51)*, filed August 7, 1997 . The Court has reviewed the motion, the memoranda and exhibits submitted by the parties and the relevant authorities. Having determined that oral argument is unnecessary for its ruling, the Court finds that the motion is well taken and will be granted.

Defendants BDM Technologies, Inc. and BDM International, Inc. (together "BDM") hired Plaintiff as a computer operator in April 1994. She was placed on administrative leave in December 1995 and then terminated the following month for unsatisfactory performance according to BDM. Throughout the administrative leave period and internal appeal process, BDM continued to pay Plaintiff her full salary. Plaintiff, a Hispanic woman over the age of forty, brings claims pursuant to the Equal Pay Act ("EPA"), Title VII and the Age Discrimination in Employment Act ("ADEA").

**Summary Judgment Standard**

Summary judgment is appropriate only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Federal Rules of Civil Procedure 56(c) provides

that it is the movant's burden to demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 321-323 (1986). Upon such a showing,

> [a]n adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or if otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed. R. Civ. P. 56(e).

For claims of employment discrimination and retaliation, Plaintiff may initially demonstrate a "prima facie case" which raises a presumption of unlawful motivation. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). However, once the defendant employer offers a legitimate, non-discriminatory reason for the adverse employment action, "the presumption [of discriminatory motive] . . . simply drops out of the picture." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 510-11 (1993). Plaintiff must then come forward with some admissible evidence that the employer's proffered reason is pretextual (i.e., unworthy of belief). Although the evidence introduced as part of the prima facie case may be considered at the pretext stage of analysis, "the establishment of a prima facie case is *[not] necessarily* sufficient to survive summary judgment." Conner v. Schnuck Markets, Inc., ___ F.3d ___, 1997 WL 436255 (10th Cir. Aug. 5, 1997).

**Application of the standard to this case**

The Court will assume, as do the defendants, that Plaintiff has established a prima facie case on each of her claims. BDM has come forward with voluminous evidence that Ms. Kaufman's job performance consistently fell below her employer's expectations despite repeated guidance and counseling from her supervisors. Her continuing failures to log in unusual job incidents and to notify appropriate personnel when problems occurred on her shift are documented as follows:

(a)   Detailed memos or incident reports dated October 10, 1994, November 8, 1994, November 16, 1994, February 14, 1995, March 30, 1995, August 7, 1995, and October 9, 1995 from two different managers;

(b)   Her two formal evaluations in September 1994 and in December 1995, rating her work as *"Meets minimum requirements. Performance marginally acceptable, improvement is foreseeable and should be expected";*

(c)   Her placement on a 90-day Performance Improvement Plan ("PIP") in September 1995 which was developed as a "response to the areas of unsatisfactory performance that were noted in [her] performance appraisal for 1994-95"; and

(d)   A December 22, 1995 "Significant Incident Report" notifying Plaintiff that: (1) her cancellation of a critical processing job on December 17, 1995 resulting in an outage, her unauthorized contact with a customer regarding that outage and improper later notation to the log, were viewed as "a serious breach of [her] Performance Improvement Plan"; and (2) these deficiencies and her work performance history had resulted in a recommendation that her employment be terminated effective January 22, 1996.

Having demonstrated legitimate, non-discriminatory reasons for her termination, Plaintiff was required to produce some competent evidence of pretext on the part of the employer. This she has simply failed to do. Instead, she has come forward only with her testimony that she "believes" that adverse actions were taken against her at least in part on the basis of her ethnic background, gender and age and in retaliation for filing an EEOC complaint. "Even though all doubts concerning pretext must be resolved in plaintiff's favor, a plaintiff's allegations alone will not defeat summary judgment." Morgan, 108 F.3d 1319, 1324 (citing Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 530 (10th Cir.1994)).

As the Tenth Circuit stated in Morgan v. Hilti, Inc., 108 F.3d 1319, 1324 (10th Cir. 1997), "[p]retext can be shown by 'such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the

asserted non-discriminatory reasons.'" Id. (quoting Olson v. General Elec. Astrospace, 101 F.3d 947, 951-52 (3d Cir.1996). Moreover, "mere conjecture that [the] employer's explanation is a pretext for intentional discrimination is an insufficient basis for denial of summary judgment." Branson v. Price River Coal Co., 853 F.2d 768, 772 (10th Cir.1988).

Plaintiff Kaufman complains that, unlike other computer operators, she was not permitted to watch television or play cross-word puzzles. Given her history of inadequate performance, it would not be inconsistent for the employer to require that she devote her full attention to her job duties. In other words, this assertion of "discriminate treatment" does not support an inference that the employer's motivation was unlawful. Plaintiff asserts that John Gusich, a non-Hispanic, male computer operator, received a higher salary although they performed the same duties. Her "belief" that their job duties were the same is not supported by competent evidence, however. The employer has submitted affidavit testimony that Gusich was hired at a higher grade because of his greater experience and *additional* duties that he performed as a "coordinator."

Plaintiff contends that her low evaluations, incident reports and eventual termination resulted from retaliation for her questioning of her "low" salary at the time she was hired and later in September 1994. Plaintiff must demonstrate a "causal connection" between the protected activity and adverse employment actions, however. Because Plaintiff was not terminated until more than fourteen months after her filing of an EEOC complaint, a "temporal" inference of unlawful retaliatory motivation cannot be supported. Given the complete absence of any other proof on this issue, Plaintiff fails to meet her burden on summary judgment. Ms. Kaufman has produced no competent evidence from which a jury could reasonably find that adverse employment decisions were motivated out of retaliation for her engaging in a protected activity or out of unlawful discrimination.

Summary judgment on all claims for the defendants will be entered in accordance with this opinion.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:	Charles B. Gurd and Leo R. ("Butch") O'Neal
	Albuquerque, New Mexico

Counsel for Defendants:	Thomas J. McBride, Robert P. Tinnin, Jr., and Ellen T. Louderbough
	HINKLE, COX, EATON, COFFIELD & HENSLEY, L.L.P.
	Albuquerque, New Mexico